UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

CIVIL ACTION NO. 06-CV-110-KKC

DERRICK THOMAS                                                                                          PETITIONER

VS:                           **MEMORANDUM OPINION AND ORDER**

SUZANNE R. HASTINGS                                                                               RESPONDENT

\*\*     \*\*     \*\*     \*\*     \*\*

Derrick Thomas ("Thomas") is a *pro se* petitioner incarcerated at the United Sates Penitentiary-Big Sandy in Inez, Kentucky. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F.Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

On September 3, 1997, Thomas was convicted of (1) conspiracy to defraud the United States under 18 U.S.C. §371; (2) interfering with commerce by threat or violence under 18 U.S.C.

§1951(a); (3) using a firearm to commit a violent crime under 18 U.S.C. §924(c)(1); and (4) being a felon in possession of a firearm under 18 U.S.C. §922(g)(1). Thomas was then sentenced on December 12, 1997, to a term of incarceration of 322 months to be followed by a three-year term of supervised release. On appeal, the Court of Appeals for the Seventh Circuit affirmed Thomas' conviction but remanded for resentencing. Thomas was thereafter resentenced to a term of incarceration of 165 months. Thomas was denied any further relief on his subsequent direct appeal. *United States v. Thomas*, 97-CR-40017, Central District of Illinois [Record Nos. 46-49, 68, 98, 107-108 therein].

In his present petition, Thomas asserts that his convictions under 18 U.S.C. §371 and 18 U.S.C. §1951(a) must be vacated because the subsequent decisions of the Supreme Court in *Jones v. United States*, 529 U.S. 848 (2000), *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995), should be applied retroactively to invalidate those convictions.

## DISCUSSION

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Thomas challenges the constitutionality of his conviction, he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. §2255. However, the Court concludes that Thomas intends to invoke the "savings clause" of Section 2255, 28 U.S.C. §2255, ¶5, effectively asserting that his remedy under Section 2255 "is inadequate or ineffective to test the legality of his detention" in order to invoke this Court's jurisdiction under Section 2241. Because Thomas' claims in this proceeding have not been presented before and denied, the Court

must determine whether his remedy under Section 2255 is genuinely "inadequate or ineffective" before he is entitled to their consideration on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that Section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The Court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

Thomas' claim, that his convictions under 18 U.S.C. §371 and 18 U.S.C. §1951(a) must be vacated in light of *Jones*, *Morrison*, and *Lopez*, is not a claim of "actual innocence" because Thomas's assertions, even if true, do not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *See Jacobs v. Miles*, 104 Fed.Appx. 431 (5th Cir. 2004) (dismissal of Section 2241 petition seeking relief under *Jones*, *Morrison*, and *Lopez* affirmed); *see also Unites States v. Collins*, 129 Fed.Appx. 213, 219 (6th Cir. 2005) (Caldwell, J.) (*Morrison*

3

and *Jones* do not apply to Hobbs Act violations). Because Thomas' habeas corpus petition does not present a facially-valid claim that he is actually innocent of the offense charged, the savings clause of Section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under Section 2241. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence."); *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Petitioner Thomas' petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 3rd day of August, 2006.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**